UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) | Case No.: 1:20-cv-1675 NONE JLT |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR |
| v. | ) ) | DEFAULT JUDGMENT |
| ELVIA GONZALEZ, et al., | ) ) | (Doc. 19) |
| Defendants. | ) ) ) | |

Nautilus Insurance Company asserts that under an insurance policy issued to the California Teachers Association, the company had no duty to defend or indemnify Elvia Gonzalez in an underlying civil action filed by Gerard L. in Kern County Superior Court. (*See generally* Doc. 5.) Because Gerard L. has not responded to the allegations in the complaint, Plaintiff now seeks default judgment. (Doc. 19.)

The Court finds the matter suitable for decision without oral argument. Therefore, the motion is taken under submission pursuant to Local Rule 230(g) and General Order 618, and the hearing date of August 31, 2021 is **VACATED**. For the following reasons, the Court recommends the motion for default judgment be **GRANTED**.

**I.    Procedural History**

On May 5, 2020, Gerardo L. initiated an action in Kern County Superior Court, Case No. BCV-20-100974, against Elvia Gonzalez and McFarland Unified School District. (Doc. 5 at 3, ¶ 11.)

1

"Gonzalez, through the California Teachers Association, provided notice to Nautilus of the Underlying Action and tendered the Underlying Action to Nautilus for defense and indemnity" on May 20, 2020. (*Id.* at 6, ¶ 20.)  Nautilus reports it "extended defense to Ms. Gonzalez for the Underlying Action, subject to a full and complete reservation of rights" on June 22, 2020." (*Id.* at 7, ¶ 22.)  Nautilus now seeks a determination that it had "no obligation to defend or indemnify Ms. Gonzalez in the Underlying Action," and initiated this action by filing a complaint for declaratory judgment on November 24, 2020.  (Doc. 1.)

Nautilus filed its Frist Amended Complaint on January 11, 2021.  (Doc. 5.)  Nautilus and Gonzalez reached an agreement that judgment be entered against Gonzalez. (*See* Doc. 15.)  Although properly served with the summons and complaint, Gerardo L. failed to respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure.  Upon the application of Nautilus, default was entered against Gerardo L. on March 22, 2021.  (Docs. 11, 12.)  Nautilus filed the motion for default judgment now pending before the Court on August 3, 2021.  (Doc. 17.)  Gerardo L. has neither appeared nor opposed the motion.

## II.     Legal Standards Governing Default Judgment

The Federal Rules of Civil Procedure govern the entry of default and default judgment.  After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment.  Fed. R. Civ. P. 55(a)-(b).  Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. *Pope v. United States*, 323 U.S. 1, 22 (1944).  In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), *accord Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).  The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the

>merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  As a general rule, the issuance of default judgment is disfavored.  *Id.* at 1472.

### III.    Factual Allegations and Evidence

The Court accepts the factual assertions as true, because default has been entered.  *See Pope*, 323 U.S. at 22.  In addition, the Court may consider the documents that were attached to the First Amended Complaint, including the insurance policy number "NEA_CA00001_P-8" and the complaint filed in Kern County Superior Court, Case No. BCV-20-100974.[1]  (Doc. 5 at 14-48.)

On May 5, 2020, "Gerardo L., suing as 'John Doe' because he was a minor when the alleged events occurred, filed his Complaint" against Gonzalez and McFarland Unified School District in the Underlying Action. (Doc. 5 at 3, ¶ 11; *see also id.* at 36-48)  In the complaint, Gerardo L. alleged that "during the first semester of the 2019-2020 school year, he was a 17 year old[2] 12th grade student at McFarland High School and Ms. Gonzalez was a math teacher at McFarland High School."  (*Id.* at 3, ¶11/)  He asserted Gonzalez offered to tutor him, after which she "quickly became physical with [Gerardo L.] and began having sex with [Gerardo L.] in her car after she picked him up from school on multiple occasions," and "also had sex with [Gerardo L.] in her classroom on at least one occasion and in her home on another occasion." (*Id.*, ¶ 12 [alterations in original].)  In addition, Gerardo L. asserted Gonzalez sent "flirtatious and sexual text messages, including nude or semi-nude photographs of herself on several occasions."  (*Id.*)  In his complaint, he sought to hold Gonzalez liable for sexual abuse of a minor, intentional inflection of emotional distress, and sexual harassment.  (*Id.* at 4; *see also*

---

[1] "[D]ocuments attached to the complaint and incorporated by reference are treated as part of the complaint, not extrinsic evidence." *Summit Media LLC v. City of Los Angeles*, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008).  Documents are incorporated into the complaint by reference "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).  Because the First Amended Complaint relies upon information in the insurance policy and the allegations in the state complaint—and there is no dispute regarding the authenticity or relevance of either doucment—the Court finds the documents were incorporated by reference and may be considered.

[2] Gerardo L. had become an adult by the time he filed the underlying action (Doc. 5 at 37)

*id.* at 39-43.)

Prior to the filing of the complaint by Gerardo L., "a criminal proceeding was commenced against Ms. Gonzalez, *The People of the State of California v. Elvia Gonzalez*, Kern County Superior Court, Delano-McFarland Judicial District, Case No. 19-00994." (Doc. 5 at 4, ¶ 14.) On September 20, 2020, "Gonzalez pled *nolo contendere* to and was convicted on" the charge engaging in an act of unlawful sexual intercourse with a minor, and the remaining charge "was dismissed in furtherance of justice." (*Id.*)

At the time of the incidents addressed in the criminal and civil action, Gonzalez was a member of the California Teachers Association. (Doc. 6 at 4, ¶ 16.) "Nautilus issued the Policy to the California Teachers Association for the period of September 1, 2019 to September 1, 2020." (*Id.*) Because Gonzalez was a member of the union, "she potentially qualifies an 'Insured' under the Policy with respect to the Underlying Action." (*Id.* at 4-5, ¶ 16.) Under the Policy, Nautilus provided defense and indemnity coverage for claims arising from an Insured's "Educational employment activities," which included activities performed (1) "pursuant to the express or implied terms of his or her employment by an educational unit" and (2) "the express request or with the express approval of his or her supervisor, provided that, at the time of such request or approval, the supervisor was performing what would appear to be his or her educational employment activities…" (*Id.* at 5, ¶ 17.)

Nautilus reports, "The Policy excludes coverage for claims arising out of conduct which has been the subject of a criminal proceeding in which an Insured was convicted or pled *nolo contendere*, and for claims involving damages which are intended by the Insured." (Doc. 5 at 5, ¶ 19.) Specifically, the Policy provided:

> This policy does not apply to:
>
> 1. CIVIL PROCEEDINGS ARISING FROM CRIMINAL ACTS. Any claim arising out of an act, other than corporal punishment, which has been the subject of a criminal proceeding that has resulted in the Insured's conviction or in which the Insured has entered a plea of *nolo contendere*. This exclusion shall not apply until the time for filing an appeal of such a conviction has elapsed, or if a timely appeal is filed, unless and until said appeal is decided adversely to the Insured.

(*Id.* at 5-6, ¶ 19; *see also id.* at 20-21 [emphasis omitted].)

On May 20, 2020, "Gonzalez, through the California Teachers Association … tendered the

4

Underlying Action to Nautilus for defense and indemnity." (Doc. 5 at 6, ¶ 20.) Nautilus reports Gonzalez sought coverage from McFarland Unified School District, which "refused to defend or indemnify Ms. Gonzalez in the Underlying Action on the grounds that 'Ms. Gonzalez' conduct was clearly outside the course and scope of her employment duties for the school district.'" (*Id.*, ¶ 21.) In addition, Nautilus asserts Self-Insured Schools of California "is the primary insurer for McFarland Unified School District and its employees … and refused to defend or indemnify Ms. Gonzalez in the Underlying Action." (*Id.* at 7, ¶ 22.) "On June 22, 2020, Nautilus extended a defense to Ms. Gonzalez for the Underlying Action, subject to a full and complete reservation of rights." (*Id.*, ¶ 23.) Specifically, Nautilus reserved the right to "dispute any coverage obligation for either defense or indemnity, and to withdraw from the defense if it is determined that no coverage attaches…" (*Id.*)

Nautilus now asserts that "due to the nature of the allegations in the Underlying Action and due to Ms. Gonzalez' conviction in the criminal proceeding, Nautilus has no obligation to defend or indemnify Ms. Gonzalez." (Doc. 5 at 7, ¶ 24.) Therefore, Nautilus requests the Court find Nautilus had no duty to defend and no duty to indemnify Gonzalez in the Underlying Action. (*Id.* at 11.)

## IV.     Discussion and Analysis

Applying the factors articulated by the Ninth Circuit in *Eitel*, the Court finds the factors weigh in favor of granting the motion for default judgment.

### A.     Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered, and potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See Pepsico, Inc.*, 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. *Id.*; *see also Microsoft Corp. v. Nop*, 549 F. Supp.2d 1233, 1236-37 (E.D. Cal. 2008) ("Plaintiff will be prejudiced if default judgment is denied because plaintiff will be without other recourse for recovery").

Because Nautilus has no other means to resolve its obligations under the identified policies, the Court finds Plaintiff would be prejudiced if default judgment is not granted against Gerardo L. *See Burlington Ins. Co. v. Diamond Partners, Inc.*, 2011 WL 284490, at *3 (E.D. Cal. Jan. 25, 2011) (finding prejudice where an insurance company "would be denied a judicial determination as to

whether there is a duty to indemnify and defend… and whether it is entitled to reimbursement for the cost of defense"); *Mesa Underwriters Specialty Ins. Co. v. Paradise Skate, Inc.*, 2016 WL 9045622, at *3 (N.D. Cal. April 11, 2016) ("There is potential prejudice where denying default judgment would deny an insurer a judicial determination as to whether it has a duty to indemnify and defend the defendant and whether it is entitled to reimbursement of the defense costs in the underlying action."). Consequently, the Court finds this factor weighs in favor of the entry of default judgment.

### B.     Merits of Plaintiff's claims and the sufficiency of the complaint

Given the kinship of these factors, the Court considers the merits of Plaintiff's claims and the sufficiency of the complaint together.  *See Yelp Inc. v. Catron,* 70 F. Supp. 3d 1082, 1098 (N.D. Cal. 2014) ("For ease of analysis, the merits of Plaintiffs substantive claims and sufficiency of the complaint are considered together"); *see also Premier Pool Mgmt. Corp. v. Lusk*, 2012 WL 15932060, at *5 (E.D. Cal. May 4, 2012).  The Ninth Circuit has suggested that, when combined, the factors require a plaintiff to "state a claim on which the plaintiff may recover."  *Pepsico, Inc.*, 238 F. Supp. 2d at 1175.

The Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations" of parties to a "case of actual controversy." 28 U.S.C. § 2201; *Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1091 (9th Cir. 1992).  The Declaratory Judgment Act requires that a party seeking declaratory relief must allege (1) an actual controversy (2) regarding a matter within federal subject matter jurisdiction. 28 U.S.C. § 2201(a).  The Court has the discretion to determine whether to entertain an action for declaratory relief, because the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Assoc. v. Rickover*, 369 U.S. 111, 112 (1962); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).  A declaratory relief claim operates "prospectively," not to redress past wrongs. *Britz Fertilizers, Inc. v. Bayer Corp.*, 665 F.Supp.2d 1142, 1173 (E.D. Cal. 2009).

The Ninth Circuit determined that "[d]eclaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Eureka Fed. Sav. & Loan Assoc. v. American Cas. Co*., 873 F.2d 229, 231 (9th Cir. 1989).  To determine whether a controversy invokes declaratory relief, the Court must determine whether there

is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Although Nautilus has resolved its claims with Gonzalez, a controversy remains regarding the obligations under the policy and whether the company has a duty to defend or indemnify in the underlying state court action because Gerardo L. has not responded to the allegations. Second, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. (*See* Doc. 1 at 2-3, ¶¶ 2-5, 7.) Notably, declaratory relief is often sought in actions between insurers and insureds to determine rights and obligations under an insurance policy. *See United States Transp. Indem.*, 544 F.2d 393, 395 (1976). The facts above support the requested relief, as the claims in the underlying action did not arise from an "educational employment activity," but rather from act that was the subject of a criminal proceeding and Gonzalez entered a plea of *nolo contendere* to one of her charges. Thus, the acts are excluded from coverage under the Nautilus policy, and Plaintiff has stated a cognizable claim for the declaratory relief requested.

### C. Sum of money at stake

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico, Inc.*, 238 F.Supp.2d at 1176. Here, Plaintiff seeks declaratory relief through the motion for default judgment. Thus, the Court finds this factor does not weigh against the entry of default judgment. *See Echelon Property & Casualty Ins. Co. v. Allstate Med Trans LLC,* 2020 WL 3192432, at *3 (D. Ar. June 15, 2020) ("Where the plaintiff's claim is for declaratory relief rather than money damages, . . . courts have found that this factor weighs in favor of granting default judgment").

### D. Possibility of dispute concerning material facts

There is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts factual allegations in the Complaint as true and (2) though properly served, Gerardo L. failed to appear and defend. *See Pepsico, Inc.*, 238 F.Supp.2d at 1177; *see also Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a

well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"). Furthermore, Gonzalez has agreed Nautilus did not have a duty to defend or indemnify her in the state action filed by Gerardo L. (*See* Doc. 17.) Therefore, this factor does not weigh against default judgment.

### E. Whether default was due to excusable neglect

Generally, the Court will consider whether a defendant's actions— such as failure to file an answer— is due to excusable neglect. *See Eitel*, 782 F.2d at 1472. Here, Gerardo L. was served with the summons and First Amended Complaint on February 17, 2020. (Doc. 10.) Thus, Defendant was aware of the suit, and it is unlikely the failure to respond was the result of excusable neglect. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants "were properly served with the Complaint, the notice of entry of default"). Accordingly, this factor does not weigh against default judgment.

### F. Policy disfavoring default judgment

As noted above, default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Here, however, the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits does not weigh against default judgment because Gerardo L.'s failure to appear makes a decision on the merits impractical.

## V. Relief Requested

Based upon the foregoing, the *Eitel* factors weigh in favor of granting default judgment, and the Court turns to the relief requested by Plaintiff. In its Motion, Plaintiff seeks the Court's declaration that Natilus had no duty to defend Gonzalez and no duty to indemnify Gonzalez in the underlying action. (Doc. 19.) For the reasons discussed above, the Court finds the entry of default judgment is appropriate and Nautilus is entitled the requested declaratory relief.

## VI. Findings and Recommendations

The *Eitel* factors weigh in favor of granting default judgment, and the entry of default judgment is within the discretion of the Court. *See Aldabe*, 616 F.2d at 1092. Based upon the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's motion for default judgment (Doc. 19) be **GRANTED**;

2. The Court issue judgment finding Nautilus had no duty to defend Elvia Gonzalez in the underlying state court action;

3. The Court issue judgment finding Nautilus had no duty to indemnify Elvia Gonzalez in the underlying state court action;

4. Judgment be entered in favor of Plaintiff and against Elvia Gonzalez pursuant to the agreement of the parties (Doc. 17); and

5. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 23, 2021**              **/s/ Jennifer L. Thurston**
                                         CHIEF UNITED STATES MAGISTRATE JUDGE